IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES CLAYBORN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-22-1251 |
| GAIL WATTS, et al., | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff James Clayborn, formerly incarcerated at the Baltimore County Detention Center ("BCDC"), filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants Gail Watts, Sgt. A. Dupree, and Officer N. Beil[1] failed to protect him from an assault by another inmate and that they failed to provide adequate medical care following the assault.[2] ECF No. 1. Defendants filed a Motion to Dismiss for Failure to State a Claim. ECF No. 8. Clayborn was notified of his right to file a response to Defendants' dispositive motion pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), however, to date, Clayborn has not done so.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant's Motion shall be granted, and the Complaint will be dismissed without prejudice due to Clayborn's failure to exhaust administrative remedies.

---

[1] The Clerk will be directed to amend the docket to reflect the correct spellings of Defendants' names.

[2] Plaintiff also named "B.C.D.C. Medical Staff" as a Defendant; however, he does not name any individual medical defendant, and no service was accepted on behalf of "B.C.D.C. Medical Staff." Because he does not name an individual medical defendant or explain how any particular member of the BCDC medical staff violated his rights, the Complaint against BCDC Medical Staff will be dismissed without prejudice for failure to state a claim.

**Background**

Clayborn alleges that he was assaulted in his cell at BCDC by a person named "Short," after which a nurse told him that he needed medical attention because something was inside him, and that he should seek medical care when he gets home. ECF No. 1 at 2, 4. He alleges that he told "Officer Bill" what happened, but that he did not do anything. *Id*. Clayborn states that he is hurting so badly that he cannot go to the bathroom. *Id*. Along with the Complaint, Clayborn submitted a document written by another inmate, who states that he is assisting Clayborn with the lawsuit and relays further details about the allegations, including that Clayborn is a special needs individual that "Mr. Short took sexual advantage of." *Id*. at 3. The inmate's statement alleges that Sgt. Dupree failed to assist Clayborn following the assault and that Clayborn was told that he had a serious virus and should go to the emergency room upon release because BCDC does not have the capacity to help him. *Id*. Neither Clayborn nor the inmate assisting him name or identify any specific medical provider or offer any details as to what medical care was or was not provided to Clayborn.

Clayborn states that he did not file a grievance as required by the prison's administrative remedy procedures because he is a pretrial detainee and not a prisoner. ECF No. 1 at 4.

**Standard of Review**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and

2

authentic[.]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). "To satisfy this standard, [Clayborn] need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

The Court is mindful that Clayborn is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir.1990).

## Discussion

Defendants raises the affirmative defense that Clayborn has failed to exhaust his administrative remedies. ECF No. 8-1 at 4-5. If Clayborn's claims have not been properly presented through the administrative remedy procedure, they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

The Prisoner Litigation Reform Act provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. App'x. 253 (4th Cir. 2004).

Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, a plaintiff must nonetheless exhaust before this Court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219. It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F. Supp. 2d at 530.

Because the Court may not consider an unexhausted claim, *see Bock*, 549 U.S. at 220, in this very real sense, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 578 U.S. 632, 638 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 578 U.S. at 639 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the Court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 136 S. Ct. at

1855. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F. 3d at1225); *Kaba*, 458 F.3d at 684.

It appears from Clayborn's statement that he was aware that an administrative process existed, was not prevented from participating in it, and simply misunderstood the requirements. ECF No. 1 at 4. As a pretrial detainee, Clayborn was a "prisoner" for purposes of the PLRA because he was a "person incarcerated or detained in any facility who is accused of . . . violations of criminal law." 42 U.S.C. § 1997e(h). Clayborn's erroneous belief that he was not required to exhaust administrative remedies because he was a pretrial detainee does not excuse his failure to do so. Furthermore, Clayborn does not contest Defendants' assertion that the Complaint should be dismissed for failure to exhaust remedies. As discussed, the PLRA requires that inmates exhaust all available remedies. Because Clayborn failed to do so, his Complaint must be dismissed without prejudice to refiling.

## Conclusion

Defendants' Motion to Dismiss is granted. The Complaint against Defendants Watts, Dupree, and Beil will be dismissed without prejudice for failure to exhaust administrative remedies.[3] The Complaint will be dismissed without prejudice as to Defendant B.C.D.C. Medical Staff for failure to state a claim.

A separate Order follows.

<u>January 25, 2024</u>             <u>    /s/    </u>
Date              Stephanie A. Gallagher
            United States District Judge

---

[3] In light of this ruling, the Court need not address Defendants' remaining arguments alleging failure to state a claim and qualified immunity.